UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEANDRE JOVON EVANS,

        Plaintiff,

  v.

Case No. 22-cv-927-pp

INTERNAL REVENUE SERVICE,

        Defendant.

---

**ORDER DISMISSING CASE AND DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

---

On August 12, 2022, the plaintiff—who is representing himself—filed a complaint against the Internal Revenue Service. Dkt. No. 1. At the same time, the plaintiff filed an unsigned motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order screens the complaint.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first decides whether the plaintiff can pay the fee. 28 U.S.C. §1915(a). The civil case filing fee is $402 (including a $52 administrative fee that plaintiffs who have permission to proceed without prepaying the filing fee are not required to pay).

The plaintiff says that he is employed by the Social Security Administration, but he did not state his total monthly wages or salary. Dkt. No. 2 at 2. The plaintiff states that his spouse's total monthly wages or salary is

1

"$840.00-$950.00," dkt no. 2 at 2, but also says that he is not married, id. at 1. The plaintiff indicates that he receives $950 in income from Social Security. Id. at 2. He also indicates that he has dependents he is responsible for supporting but does not specify how many or how much he provides in support each month. Id. at 1. He states that he pays $500 per month in rent but has not provided the court with his total monthly expenses. Id. at 2-3. His application does not indicate whether he has any cash or checking, savings, or similar accounts and whether he has any other property of value. Id. at 3-4. Because the plaintiff failed to provide all required information, the court does not have enough information to decide whether he is able to pay the filing fee. As explained below, the court has additional concerns with the complaint.

**II.    Screening Requirement**

In cases where a plaintiff asks to proceed without prepaying the filing fee, the court must dismiss the case if it determines that the plaintiff's claims are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

2

The court's civil complaint form instructs the plaintiff to state the who violated the plaintiff's rights, what each defendant did, when they did it, where it happened and why. Dkt. No. 1 at 2. The plaintiff names the Internal Revenue Service as the defendant. Dkt. No. 1 at 1. But he does not explain what the Internal Revenue Service did or when. The plaintiff's allegations consist of the following paragraph:

> Apologies iasistence inferrals affirmication has it's renderance as to general industrial technical interference to avail responsive DeAndre Javon Evans 6/19/ of 87 emails as it were Aa crime just confirmation of affirmication reassur'd responsible to infer responsive DeAndre Javon Evans 6/19/ of 87 civil magistrate inquiry

Id. at 2. This paragraph does not mention the IRS. It does not explain what the plaintiff believes the IRS did to him, when they did it, why they did it or how they did it. The plaintiff repeats part of this paragraph in his claim for relief, id. at 4, so the court cannot determine what relief the plaintiff is requesting from the court.

It is important for a person to explain to the court the who, what, where, why and how of his claims against the person or entity he is suing because federal courts are courts of limited jurisdiction. The court can hear and decide only claims between citizens of different states if the amount in controversy is more than $75,000, see 28 U.S.C. §1332, or where the case involves a violation of federal law or the constitution, see 28 U.S.C. §1331. The plaintiff has not given the court enough information to determine whether his lawsuit is between citizens of different states involving more than $75,000 or whether his lawsuit involves an alleged violation of federal law or the Constitution. The

3

court has no basis for exercising its limited jurisdiction and cannot determine what claim the plaintiff seeks to bring. The court must dismiss the case.

Although courts generally permit civil plaintiffs at least one opportunity to amend the complaint, the court need not do so where the amendment would be futile. See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F3.d 768, 783 (7th Cir. 2015)). The plaintiff's arguments are incomprehensible. The court does not believe that the plaintiff could remedy that problem by amending.

### III. Conclusion

The court **ORDERS** that this case is **DISMISSED** because the plaintiff has failed to state a claim. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 30th day of September, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**